UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STELLA JOHNSON, EDWENNIA PETTIGREW and SHAWN R. MOTON**<br><br>    Plaintiffs,<br><br>**VERSUS**<br><br>**MARATHON PETROLEUM CORPORATION and MARATHON PETROLEUM COMPANY LP**<br><br>    Defendants | **CIVIL ACTION NO.: 23-4573**<br><br>**JUDGE:**<br><br>**MAGISTRATE:** |

**COMPLAINT FOR DAMAGES AND RECOGNITION AS A CLASS ACTION**

**NOW INTO COURT**, through undersigned counsel, come the plaintiffs, Stella Johnson, Edwennia Pettigrew and Shawn R. Moton, (hereinafter "Plaintiffs"), individually and on behalf of all others similarly situated, allege the following against Marathon Petroleum Corporation and Marathon Petroleum Company LP:

1.

Made defendants herein are Marathon Petroleum Corporation, a foreign corporation with its registered office at 1209 Orange Street, Wilmington, Delaware 19801; and Marathon Petroleum Company LP, a foreign limited partnership with its Louisiana principal place of business located at 5615 Corporate Blvd., Suite 400B, in Baton Rouge, Louisiana 70808 (hereinafter collectively referred to as "Defendant" or "Marathon").

2.

This Court has personal jurisdiction over the parties and subject matter jurisdiction to hear the actions presented in this suit.

3.

Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District.

4.

Marathon owns and operates the refinery located at 4663 W. Airline Highway, in Garyville, Louisiana 70051. Marathon's Garyville refinery, which is adjacent to the Mississippi River in St. John Parish, is configured to process a wide variety of crude oils into gasoline, distillates, fuel-grade coke, asphalt, polymer-grade propylene, propane, refinery-grade propylene, dry gas, slurry, and sulfur. The Garyville facility also maintains the product, Naphtha, on its premises. Naphtha is a class of hydrocarbon mixtures obtained from the distillation of petroleum.

5.

Exposure to Naphtha can cause respiratory problems, among other various adverse effects. Moreover, adverse effects to overexposure can include headaches, dizziness, loss of coordination, disorientation and fatigue.

6.

Upon information and belief, a massive fire began in the early morning hours of August 25, 2023, at Marathon's Garyville refinery after Naphtha leaked from a storage tank located on the premises.

7.

As a result of the fire and release of hazardous chemical into the atmosphere, a mandatory evacuation was ordered for the area extending in a two-mile radius of the Marathon facility, including the closure and evacuation of local schools.

8.

Plaintiff, Stella Johnson, is an individual who resides at 423 E 26th Street, in Reserve, Louisiana 70084. Plaintiff, Edwennia Pettigrew, is an individual who resides at 228 Cynthia Circle, Reserve, Louisiana 70084. Plaintiff, Shawn R. Moton, is an individual who resides at 521 N.W. 2nd Street, Reserve, Louisiana 70084. As a result of the fire, release of hazardous chemicals, and evacuation, plaintiffs have incurred damages, including but not limited to economic loss from evacuation-related expenses, disruption and inconvenience, and inference with her property rights.

## RULE 23 CLASS ACTION STATUS

9.

Marathon's actions/inactions, on information and belief, affected thousands of individuals similarly situated, in that all putative class members evacuated as a result of the fire and release of hazardous chemicals at the Garyville refinery.

10.

Plaintiffs thus urge that they be allowed to serve as the class representatives, representing others similarly situated or putative plaintiffs and that the class, pursuant to Federal Rules of Procedure, Rule 23, to which they respectively request to be allowed to serve as class representatives, can be defined as follows:

> All persons and entities who/which were residents of, employed in, or maintained a place of business in the mandatory evacuation zone and/or who were prompted to evacuate and who/which sustained economic losses or loss of enjoyment/use of

their property as a result of the fire and release of hazardous chemicals that occurred on August 25, 2023 at Marathon's Garyville refinery.

11.

Plaintiffs reserve the right to propose subclasses in connection with their Motion for Class Certification, and as determined by the Court in its discretion.

12.

The Class members are ascertainable and have a well-defined community of interest among their members.

13.

*Ascertainability*: The number and identity of class members can be easily ascertained. Because the Marathon fire was a distinct catastrophic event, the class members – who consist of those who live or work in the two-mile radius of the refinery – will not have difficulty discerning these injuries, or their cause.

14.

*Numerosity*: The members of the Class are so numerous that joinder of all members is impractical. The proposed Class likely contains thousands of members, including residents of Garyville and Reserve, Louisiana.

15.

*Commonality*: There are common questions of law and fact that predominate over any questions affecting only individual members of the Class. For Plaintiffs and the Class, the common legal and factual questions include, but are not limited to, the following:

(a) Whether Marathon acted negligently, recklessly, wantonly, and/or unlawfully to cause the fire and release of hazardous chemicals;

(b) Whether Marathon conducted adequate supervision that could have prevented the fire or reduced its scale; and

(c) Whether Marathon knowingly, intentionally, or negligently concealed, suppressed, or omitted material facts concerning the safety of the refinery from the public.

16.

*Typicality*: The representative Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all the members of the Class have been injured by the same wrongful acts and omissions of Marathon. Plaintiffs' claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

17.

*Adequacy of Representation*: Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Class, and have retained class counsel who are experienced and qualified in prosecuting class actions. Neither Plaintiffs nor their attorneys have any interests contrary to or in conflict with the Class.

18.

The handling of this matter as a class action is superior to any other available method for the fair and efficient adjudication of the controversy as: (1) the management of this class will not be difficult; (2) due to the similar nature of each claim, it would not be practical for each class member to pursue his/her claim without class certification; and (3) since St. John Parish is the location of the Marathon refinery and fire, venue is proper in St. John Parish.

## CAUSE OF ACTION I
### Negligence

19.

Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated here.

20.

Marathon owed a duty to Plaintiffs and the Class to exercise reasonable and ordinary care. That duty arose generally as well as from, among other things, federal, state, and local laws, ordinances and regulations that require Marathon to operate the Garyville refinery in a manner that does not damage public health and safety.

21.

Marathon breached its duty to Plaintiffs and the Class by, among other things, failing to maintain reasonable safety precautions, failing to properly inspect the storage tanks at the refinery, and failing to establish adequate safety procedures and protocols to prevent adverse environmental events, such as the fire alleged herein, from occurring at the refinery.

22.

Marathon in the exercise of reasonable care, should have known that any fire associated with hazardous chemicals, such as Naphtha, would have a tremendous adverse effect on the community around the refinery.

23.

At all times mentioned, Marathon negligently, wantonly, carelessly and/or recklessly maintained and operated the refinery; and in particular, by failing to prevent, and then maintain, fires and the release of hazardous chemicals into the atmosphere, as alleged herein.

24.

Plaintiffs and the Class aver that the fire and release of hazardous chemicals into the atmosphere were caused by the following non-exclusive acts:

A. Failing to properly operate the refinery;

B. Failing to properly inspect the refinery and its appurtenances, such as the storage tanks, to insure that leakage of hazardous chemicals and fires do not occur;

C. Acting in a careless and negligent manner without due regard for the safety of others;

D. Failing to promulgate, implement, and enforce rules and procedures pertaining to the safe operations of the refinery which, if they had been so promulgated, implemented and enforced, would have averted the subject incident;

E. Failure to provide appropriate accident prevention equipment;

F. Failing to ascertain that the refinery and its appurtenances, such as the storage tanks, were free from defects and/or in proper working order;

G. Failing to take appropriate action to avoid or mitigate the incident;

H. Failure to properly train and/or supervise its employees, for whom it is responsible.

25.

As a direct and proximate result of Marathon's negligence, or that of its employees for whom it is vicariously liable, Plaintiffs and the Class have sustained damages. As a direct and legal cause of Marathon's wrongful acts and omissions herein above set forth, Plaintiffs and the Class have suffered and will continue to suffer economic harm and losses.

## CAUSE OF ACTION II
## Public Nuisance

26.

Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Complaint as if fully restated herein.

27.

Marathon has created a condition that is harmful to health and interferes with the comfortable enjoyment of life and property as a result of the fire at its refinery and the release of hazardous chemicals into the atmosphere.

28.

That nuisance affects a substantial number of individuals similarly situated to the Plaintiffs, who all live or work in the Garyville or Reserve area and who evacuated as a result of the fire and the release of hazardous chemicals.

29.

The incident complained of herein is one which would reasonably annoy and disturb an ordinary person, as shown by, for example, the health impacts warned of by the government officials, the community outrage in response to the fire, and the media coverage concerning the fire's impact on the residents subject to mandatory evacuation.

30.

The seriousness and gravity of that harm outweighs the social utility of Marathon's conduct. There is little or no social utility associated with the fire and release of hazardous chemicals, such as Naphtha, into the atmosphere of a populated area of St. John Parish.

31.

Plaintiffs and the Class suffered harm and injury to their economic livelihood, which they did not consent to and which is different from the type of harm suffered by the general public.

32.

The above acts and omissions also created a public nuisance vis-à-vis the Plaintiffs and the Class, interfering with the property rights of Plaintiff and the Class, and rights incidental to those property rights.

33.

Marathon's actions and/or inactions directly and proximately caused, and will cause, injury to Plaintiffs and the Class of a type which Louisiana law is intended to prevent. Plaintiffs and the Class are of the class of persons for whose protection these statutes were enacted.

35.

As a direct and legal cause of Marathon's wrongful acts and/or omissions herein above set forth, Plaintiffs and the Class have suffered and will suffer economic harm, injury, and loss.

**CAUSE OF ACTION III**
**Trespass**

36.

Plaintiffs incorporate by reference each and every prior and subsequent allegation of this Petition as if fully restated herein.

37.

Marathon discharged a polluting and hazardous chemical beyond the boundary of Plaintiffs' and the Class's real property in such a manner that, it was reasonably foreseeable that the chemical would, in due course, invade Plaintiffs' and the Class's real property and cause harm.

38.

By discharging the hazardous substance, Marathon entered, invaded, and intruded on the real properties of Plaintiffs and the Class without privilege, permission, invitation, or justification.

39.

Marathon had a duty, which is breached, to use reasonable care not to enter, intrude on, or invade Plaintiffs and the Class's real properties. Marathon also owed a duty, which it breached, to Plaintiffs and the Class to exercise reasonable care in the maintenance, and operation of the refinery and its appurtenances such as the storage tanks.

40.

As a direct and proximate result of Marathon's trespass, Plaintiffs and the Class have suffered legal injury and damage, in an amount to be proven at trial, including, but not limited to, property damage, diminution of value of real estate, loss of income and other economic loss.

**Demand for Jury**

41.

Plaintiffs hereby demand a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiffs pray that Defendants be served with a certified copy of this Complaint for Damages and Recognition as Class Action and duly cited answer same; that after all legal delays and due proceedings are completed herein that there be judgment in favor of Plaintiffs, and against Defendants as follows:

A. For an order certifying the Class and appointing Plaintiffs as representatives of the Class and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

B. For all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and the Class, including all relief allowed under applicable laws;

C. For attorneys' fees and costs;

D. For both pre-judgment and post-judgment interest on any amounts awarded;

E. For such other further relief, including declaratory relief, as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Ryan P. Monsour*

_____
DAVID W. ARDOIN, L.B.N. 24282
PRESTON L. HAYES, L.B.N. 29898
RYAN P. MONSOUR, L.B.N. 33286
MATTHEW D. ORY, L.B.N. 31906
*AMO Trial Lawyers, LLC*
213-B East Bayou Rd.
Thibodaux, LA 70301
Metairie, LA 70002
Telephone: (985) 446-3333
Facsimile: (985) 446-3300

-AND-

HENRI P. DUFRESNE (L.B.N. 34526)
*Dufresne Law Firm*
325 Belle Terre Boulevard
LaPlace, Louisiana 70068
Telephone: (985) 359-4300

-AND-

BRUCE G. MOHON, (L.B.N. 21757)
*Law Offices of Bruce G. Mohon, L.L.C.*
1959 La. Hwy. 3125, Ste. 5
Lutcher, LA 70071
Telephone: (225) 869-3939
Facsimile: (225) 869-5959

*SUMMONS REQUESTED*