UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STELLA JOHNSON, ET AL. | * | CIVIL ACTION NO. 2:23-CV-04573* |
| PLAINTIFFS | * | C/W 23-CV-06096 |
| | * | C/W 23-CV-0631 |
| VERSUS | * | |
| | * | JUDGE DARREL JAMES PAPILLION |
| MARATHON PETROLEUM | * | |
| CORPORATION, ET AL. | * | |
| DEFENDANTS | * | MAGISTRATE JUDGE JANIS VAN |
| | * | MEERVELD |
| | * | |
| | | ** This pleading applies to *Rachel Duhe, et al. vs. Marathon Petroleum Company, et al.* (CA# 2:23-cv-6096) |

**MARATHON PETROLEUM COMPANY LP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

**MAY IT PLEASE THE COURT:**

Defendant, Marathon Petroleum Company LP ("Marathon") respectfully submits this Reply Memorandum in Support of its Motion to Dismiss Plaintiffs' Amended Class Action Complaint.

The claims set forth in Plaintiffs' Amended Class Action Complaint ("Amended Complaint") are facially prescribed under the one-year delictual prescriptive period in effect at the time of the incident. Plaintiffs' failure to include the claimants they now seek to add was not the result of ill practices by Marathon, as contemplated by the doctrine of *contra non valentem*, nor mistake in identity or capacity by the Plaintiffs, as contemplated by Rule 15(c) or the Fifth Circuit in *Williams v. United States* and its progeny. Marathon did not conceal the August 25, 2023 fire at its facility on from the community. As Plaintiffs allege the fire's smoke plume was plainly visible to the surrounding communities and even detectable from outer space, Plaintiffs, with reasonable—and arguably minimal—diligence, should have known about their potential

causes of action. Therefore, Marathon respectfully requests that this Court dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

## I. Plaintiffs' Amended Complaint cannot relate back to the original petition because it does not satisfy Federal Rule of Civil Procedure 15(c)(1)(C).

Plaintiffs' "mistake" in excluding the new claimants from the Original Petition for Damages ("Original Petition") is not the kind of mistake that allows for relation back under Rule 15(c). Because the Amended Complaint adds entirely new parties than those that initiated this action, it must meet the requirements of Rule 15(c)(1)(C), which provides that an amended complaint changing a party can only relate back to the original complaint when there has been "a **mistake concerning the proper party's identity**." Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added); *see also SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 245 (5th Cir. 1999) (holding that an amended complaint correcting a misnomer in the plaintiff's name related back to the filing of the original complaint).

Plaintiffs misconstrue *Williams v. United States* to allow for entirely new and unrelated parties to circumvent prescription so long as the new claims are "sufficiently closely related" to those of existing parties. 405 F.2d 234 (5th Cir. 1968). Indeed, to allow relation back under these circumstances would be in direct contradiction to Rule 15(c)(1)(C) and the purpose of prescriptive time periods. Instead, *Williams* contemplates two requirements in order for an amendment changing a party to relate back—mistake and notice. In allowing a mother, **who was already a party in the suit**, to amend her complaint to bring claims in both her representative and individual capacity, the Fifth Circuit made clear that mistakes concerning a party's identity under Rule 15(c)(1)(C)(ii) should be technical in nature, e.g. capacity. 405 F.2d 234, 235, 239 (5th Cir. 1968); *Flores v. Cameron Cty., Tex.*, 92 F.3d 258, 273 (5th Cir. 1996) (citing *Williams*, 405 F.2d at 239)

("We have previously allowed relation back of amendments that change the capacity in which the plaintiff brings suit.").

Moreover, "the critical element" under Rule 15(c) is **notice**. *Williams*, 405 F.2d at 236. For this requirement to be satisfied a defendant must have notice not only of the operational facts but that a claim existed and was in fact being asserted in the original complaint. *Id.* at 238. Therefore, for Plaintiffs' Amended Complaint to relate back, it must change the parties as contemplated by Rule 15(c)(1)(C)–it does not, *and* the Original Petition must have put Marathon on notice of the existence of the new parties' claims—it did not. Rather, the Amended Complaint tacks on three new plaintiffs and potentially several thousands of new class members without changing the parties from the Original Complaint in any way. These additions are clearly not contemplated by Rule 15(c). In fact, the Original Petition expressly excluded the new claimants by limiting its class definition to individuals within the 2-mile evacuation zone.

Because the addition of these new plaintiffs was not the result of a mistake or change of which Marathon had fair notice from the Original Petition, Plaintiffs offer a red herring: The Amended Complaint relates back to the Original Petition because it does not prejudice Marathon since there has been no discovery in this case. However, prejudice as contemplated by Rule 15(c) and *Williams* is determined by whether proper notice was provided by the original action, not the status of discovery. *Williams*, 405 F.2d at 236; Fed. R. Civ. P. 15(c)(1)(C)(ii) (requiring a defendant "receive[] such notice of the action that it will not be prejudiced in defending on the merits").[1] For the reasons articulated above, Plaintiffs' Original Petition provided no notice of the newly added Plaintiffs' claims, and it is for this reason that Marathon is prejudiced.

[1] Regardless, the cases cited by Plaintiffs are easily distinguishable. *See M.D. v. Perry*. 294 F.R.D. 7, 65 (S.D. Tex. 2013) (proposed amendment to complaint did not alter the claims and putative classes of plaintiffs); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590-91 (N.D. Cal. 2010) (denying a motion to strike modified class

Similarly, Plaintiffs' attempt to distinguish *Cliff v. Payco General American Credits, Inc.*, from the facts herein falls flat. Like the Fifth Circuit in *Williams*, the *Cliff* court's focus was on whether the plaintiff's original complaint gave the defendants notice of the new, larger class, not the scale of the proposed amendment. 363 F.3d 1113, 1132 (11th Cir. 2004). More specifically, the Court found that the original complaint only notified the defendant of its obligation to defend against the claims of Florida class members and gave no notice of a nationwide class. *Id. Cliff* is precisely on point. Here, the Original Petition only notified Marathon of the claims of class members who were within the 2-mile evacuation zone. By expressly defining the class as "persons who owned property, and/or operated a business, and/or worked or resided within the Two-Mile Mandatory Evacuation Zone," the Original Petition provided no notice of the new, larger class proposed by the Amended Complaint. Therefore, the Amended Complaint does not relate back to the Original Petition under Rule 15(c).

## II. *Contra non valentem* is a plaintiff-specific inquiry that does not apply to the instant facts.

Like Plaintiffs' other arguments. Plaintiffs' dependence on *contra non valentem* to save their amended claims is misguided and inapposite to the very principles upon which Plaintiffs rely. Not only is *contra non valentem* a plaintiff-specific inquiry that cannot be alleged on a class-wide basis, Plaintiffs' Amended Petition does not identify any effort they made to investigate their claim within the statute of limitations or identify specific, intentional actions by Marathon directed at the newly named Plaintiffs to impede their ability to file suit, as would be required for *contra non valentem* to apply.

---

definitions, which were minor, when no party argued any claims were time-barred and when there was no entirely new class); *see generally Abraham v. WPX Energy Prod., LLC*, 322 F.R.D. 592 (D.N.M. 2017) (allowing plaintiffs to amend class definition, when there was no discussion of whether such definition added a new class or whether the claims were time-barred)

**A. *Contra non valentem* is a plaintiff-specific inquiry not susceptible to application in a class action context.**

As Plaintiffs' own caselaw sets forth, the Louisiana doctrine of *contra non valentem* "creates a small opening, not a gaping hole, and so it 'only applies in exceptional circumstances.'" *Jones v. Evonik Corp.*, 620 F. Supp. 3d 508, 517 (E.D. La. 2022) (quoting *Hayes v. United States*, No. 17-3841, 2018 WL 705876, at *3 (E.D. La. Feb. 5, 2018)). Most importantly here, the doctrine is specific that the inquiry goes to the reasonableness of an **individual** plaintiff's delay in filing suit — their **individual** knowledge and their **individual** actions taken to investigate the cause of action. *Id.* at 518. ("The question is whether, in light of plaintiff's own information and the diagnoses he received, the plaintiff was reasonable to delay in filing suit.") (quoting *Guerin v. Travelers Indem. Co.*, 296 So. 3d 625, 629 (La. App. 1 Cir. 2020)).

In fact, in the *Jones* case cited by Plaintiffs for its analysis of the application of *contra non valentem*, the original petition was brought on behalf of 14 plaintiffs; after a motion to dismiss arguing the claims were prescribed, the Court gave leave for the plaintiffs to "amend their complaint to plead facts, **specific to each plaintiff,** to support the application of *contra non valentem*." *Id.* at 512 (emphasis added).[2]

Because *contra non valentem* is a plaintiff-specific inquiry, it necessarily cannot apply to a class action, where the plaintiffs are disparate and the majority are as-yet unidentified. It would be impossible to plead facts specific to each plaintiff's individual knowledge and actions taken to investigate their potential cause of action. None of Plaintiffs' *contra non valentem* caselaw

[2] The level of specificity for the *contra non valentem* inquiry is illustrated in another case on which Plaintiffs rely, *Guerin*, 296 So. 3d at 629–30. In that case, the Court recounted in detail the facts that supported application of *contra non valentem*, including multiple individual conversations the plaintiff had with his physician, magazines and newspapers the plaintiff read, and the date as of which he had internet access and knew how to search the internet. In the context of a class action, a similarly specific and detailed analysis of the individual knowledge and actions of each newly added class member would need to be conducted in order to determine whether *contra non valentem* applied to interrupt their claims.

identifies a class action where a court applied *contra non valentem*, let alone *contra non valentem* to expand a class definition after the prescriptive period has lapsed.

Analogous caselaw in other jurisdictions applying the similar common law "discovery rule" supports this view of the unavailability of such an interruption of the running of statutes of limitations in a class context. For example, in a case considering whether the discovery rule interrupted the running of the statute of limitations in a class action filed in Arizona, the court held that such a question cannot be decided on a class-wide basis. *Perez v. First Am. Title Ins. Co.*, No. CV-08-1184-PHX-DGC, 2010 WL 1507012, at *3–4 (D. Ariz. Apr. 14, 2010). Similar to Louisiana, under Arizona's discovery rule, "a claim does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause" and "plaintiffs are charged with reasonable diligence to discover" their causes of action. *Id.* (internal quotations omitted). The *Perez* plaintiffs argued that the question is susceptible to class-wide treatment because it applies a reasonable person standard. The Arizona court acknowledged as much but held that the reasonable person "standard is applied to the specific circumstances of the particular plaintiff. It asks whether a reasonable person in the plaintiff's position would have been on notice to investigate. The standard therefore does not eliminate the need to make a class-member-specific inquiry." *Id.* at *4. The same is true here and necessarily defeats the ability to offer class-wide proof on a class-member-specific inquiry, sufficient to overcome the running of prescription.

### B. Even if *contra non valentem* could apply in a class action context, it does not under the facts as pled by Plaintiffs.

Even if it were possible to apply *contra non valentem* on a class-wide basis, the facts alleged herein do not support its application. Plaintiffs allege that either the third or fourth category of *contra non valentem* applies to their claims, namely "where the defendant has done some act effectually to prevent the plaintiff from availing himself of his cause of action"; or the discovery

rule, “where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.” *Lennie v. Exxon Mobil Corp.*, 17-204 (La. App. 5 Cir. 6/27/18), 251 So. 3d 637, 642, *writ denied*, 2018-1435 (La. 11/20/18), 256 So. 3d 994.

As to the discovery rule, prescriptive period begins to run when the Plaintiffs had:

> [A]ctual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead.

*Guerin*, 296 So. 3d at 629 (citing *Campo v. Correa*, 2001-2707 (La. 6/21/02), 828 So. 2d 502, 510).

It is a plaintiff’s burden to allege facts that “show that she made reasonable efforts to investigate” and “failure to allege what diligent efforts [plaintiff] took, and/or the reasons why the discovery was not made earlier [] *will be fatal to plaintiff's claims.*” *Dalrymple v. United States Postal Serv.*, No. CV 18-14237, 2020 WL 1181845, at *6 (E.D. La. Mar. 12, 2020) (emphasis in original, internal quotation marks omitted).

Here, a fire plume that by Plaintiffs’ own allegations could be detected from space, coupled with the type of contemporaneous injuries and damages Plaintiffs describe in their petition, is certainly notice enough to excite attention.[3] At that point, Plaintiffs are charged with the knowledge of everything to which a reasonable inquiry may lead. Plaintiffs do not allege in their Petition that they made reasonable efforts to investigate their potential cause of action or any reasons why their reasonable efforts did not identify their potential cause of action, especially in

[3] Under the facts as pled, the class representatives had sufficient information to “excite attention.” New Plaintiff Melinda James, for example, learned of the incident on August 26, 2023, smelled chemicals in the air that day, and received treatment beginning that same day. (R. Doc. 39, ¶ 33). Marathon took no action that prevented Ms. James from connecting the dots between the incident and the symptoms she now alleges are related to the incident.

light of the thousands of claimants, both within and outside of the evacuation zone, who were able to file suit within the prescriptive period.[4]

Plaintiffs alternatively argue that their claims fall under the third category of *contra non valentem*, which requires that "the defendant himself has done some act effectively preventing the plaintiff from availing himself of his cause of action." *Carter v. Haygood*, 892 So.2d 1261, 1269 (La. 2005). To trigger application of this third category of *contra non valentem*, a defendant's conduct that keeps the victim in ignorance or "lull[s] [them] into inaction" must be intentional acts which rise to the level of concealment, misrepresentation, fraud, or ill practices directed towards the claimants. *Lennie*, 251 So. 3d at 643-44; *see also Plaquemines Par. Comm'n Council v. Delta Dev. Co.*, 502 So. 2d 1034, 1056 (La. 1987) (superseded by statute on other grounds).

Courts apply this third category in situations where the defendant threatens the plaintiff to prevent them from filing or otherwise directly "hinder, impede, or prevent" plaintiffs from asserting a cause of action. *See, e.g.*, *Nathan v. Carter*, 372 So. 2d 560, 563 (La. 1979) (finding the third category of *contra non valentem* applied where the defendant threatened the plaintiff with termination of benefits if she ever contacted an attorney); *Doe v. Doe*, 95-0006 (La. App. 1 Cir. 10/6/95), 671 So. 2d 466, 470 (considering whether there was sufficient evidence that the defendant coerced the plaintiff into not filing suit or plaintiff had independent will to do so).

Plaintiffs do not allege any intentional action Marathon took that directly hindered, impeded, or prevented the Plaintiffs in the Amended Complaint from availing themselves of their potential cause of action, and indeed, as referenced *supra*, thousands of claimants did file legal actions within the prescriptive period. Moreover, this case is distinguishable from those Plaintiffs

[4] *See e.g.*, *Stella Johnson, et al. v. Marathon Petroleum Corp. et al*, 2:23-cv-04573: Plaintiffs' Unopposed Motion for Leave to File First Amended Complaint (R. Doc. 26) and First Amended Complaint for Damages and Recognition as a Class Action, (R. Doc. 29) (naming hundreds of individual claimants), along with several actions pending in state court.

cite where the alleged injury-producing agent was invisible, and therefore not detectable, and the potential harms were latent, making the potential causes of action non-obvious to any potential plaintiffs. *See, e.g.*, *Lester v. Exxon Mobil Corp.*, 10-743 (La. App. 5 Cir. 5/31/12), 102 So.3d 148. Here, the alleged injury-producing agent, the fire and the related plume of smoke, were undoubtedly visible, and the alleged harms, by Plaintiffs' own allegations, were immediate.

*Contra non valentem* is an exceptional remedy to the running of prescription and Plaintiffs have not carried their burden that it applies in this case.

## III. The balance of equities presented here involve the principles of prescription and relation back, which weigh in Marathon's favor.

Plaintiffs conclude their argument with a plea for equity that is inapplicable to the underlying facts. Prescriptive periods are established to ensure procedural consistency and predictability in the legal system by preventing the prosecution of stale claims, protecting against the loss of relevant proof, and providing economic and psychological security. *Tiger Bend, L.L.C. v. Temple-Inland, Inc.*, 56 F. Supp. 2d 686, 690 (M.D. La. 1999). The Supreme Court echoed and enforced this compromise and balancing of rights in the context of class actions when it held: Prior to the expiration of the prescriptive period, the subject matter and size of the prospective class must be determinable. *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). For all of the reasons discussed herein, Plaintiffs were not precluded from connecting their alleged injuries with the fire, and Plaintiffs' failure to bring suit within the prescriptive period is what prevents them from litigating their claims now.

Moreover, Plaintiffs' reliance on jurisprudence regarding class certification is misplaced and irrelevant to the issues presented here, which is whether Plaintiffs are entitled to maintain their action, not whether their action can be maintained as a class. This key distinction is illustrated by the cases cited by Plaintiffs, the holdings of which sought to answer distinctly different inquiries

about issues related to the class certification requirements of numerosity, commonality, typicality, and adequacy. *See, e.g.*, *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 564 (W.D. Wash. 2012) (determining whether the class definition met the requirements of ascertainability, numerosity, commonality, typicality, and adequacy); *CE Design v. Beaty Const., Inc.*, No. 07 C 3340, 2009 WL 192481, at *2 (N.D. Ill. Jan. 26, 2009) (finding in class action alleging violations of the TCPA that the numerosity requirement could be met via a good faith estimate of claimants after defendants admitted to having lost or destroyed the list of potential businesses who received unsolicited faxes). Stated differently, none of the cases Plaintiffs rely upon to "balance the equities" even broach the issues of legislative and jurisprudential standards of fairness, let alone the issues presented here — prescription and relation back, both of which already represent a jurisprudential and legislative balancing of the equitable interests of all parties.

## IV. Conclusion

Plaintiffs' Amended Complaint does not relate back to the Original Complaint under Rule 15(c), as the newly added Plaintiffs' failure to timely bring suit was not the result of mistake and the Original Complaint provided no notice that the new Plaintiffs were asserting a claim. Plaintiffs' allegations do not satisfy the requirements of *contra non valentem* on an individual basis in the Amend Petition, let alone sufficiently to permit an entire class to evade the statute of limitations. As neither the doctrine of *contra non valentem* nor relation back saves the new Plaintiffs' claims from prescription, only those Plaintiffs whose claims were timely filed should be allowed to proceed, and Plaintiffs' Amended Complaint should be dismissed.

Respectfully submitted this 17th day of January, 2025.

Respectfully submitted,

**FORMAN WATKINS & KRUTZ LLP**

/s/ *Margaret W. McLaughlin*
TIM GRAY (#31748)
MCCANN E. LEFEVE (#33942)
MARGARET W. MCLAUGHLIN (#38345)
201 St. Charles Avenue, Suite 2100
New Orleans, Louisiana, 70170
Telephone: (504) 799-4383
Facsimile: (504) 799-4384

***Attorneys for Marathon Petroleum Company LP***