UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STELLA JOHNSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-4573 c/w 23-6096 & 23-6312** |
| **MARATHON PETROLEUM CORPORATION, ET AL.** | **SECTION: "P" (1)** |
| | *\*This Order relates to:*<br>*Civil Action No. 23-6096* |

## ORDER AND REASONS

Before the Court is the motion to dismiss Plaintiffs' amended class action complaint filed by Defendant Marathon Petroleum Company LP.[1]  Plaintiffs filed an opposition,[2] and Defendant filed a reply.[3]  For the following reasons, Defendant's motion is **GRANTED**.

**I.   BACKGROUND**

This case arises out of a fire that broke out at the Marathon Refinery in Garyville, Louisiana (the "Garyville Refinery") on August 25, 2023.  Four days later, on August 29, 2023, Plaintiffs filed suit in Louisiana state court.[4]  The case was later removed to this Court.[5]  Plaintiffs allege that the fire released hazardous chemicals into the atmosphere and that a mandatory evacuation was ordered for those within a two-mile radius of the Garyville Refinery.[6]  Plaintiffs further allege that Garyville community members "immediately experienced negative [health] consequences" from the fire and that the mandatory evacuation resulted in additional damages, including economic losses.[7]

---

[1] R. Doc. 43.
[2] R. Doc. 48.
[3] R. Doc. 49.
[4] Civil Action No. 23-6096, R. Doc. 1.
[5] *Id.*
[6] Civil Action No. 23-6096, R. Doc. 1-1 at ¶ 10.
[7] *Id.* at ¶¶ 17-21.

> Plaintiffs' original complaint provided the following class definition:
>
> All persons who owned property, and/or operated a business, and/or worked or resided within the two-mile Mandatory Evacuation Zone and who have been harmed by Marathon's conduct as alleged herein at any time from August 25, 2023, through the present.[8]

On November 5, 2024, Plaintiffs sought leave to file an amended class action complaint, which this Court granted. Plaintiffs' amended class action complaint provides the following class definition:

> All persons who owned property, and/or operated a business, and/or worked or resided within the Area of Impact and who have been harmed by Marathon's conduct as alleged herein at any time from August 25, 2023, through the present.[9]

The Area of Impact as defined by the amended complaint reaches beyond the Mandatory Evacuation Zone.[10]

In the amended class action complaint, Plaintiffs additionally allege that reporting by *The Guardian*, first published on September 9, 2024, suggested that the fire's impact extended beyond the Mandatory Evacuation Zone.[11] This evidence, Plaintiffs allege, was unavailable to them until the publication of *The Guardian's* reporting.[12] Plaintiffs further allege that this same reporting revealed that Marathon attempted to downplay and conceal the impact and extent of the fire.[13]

Defendant now moves for dismissal of Plaintiffs' amended class action complaint. Defendant argues that the amended complaint, which it contends expands the class, was filed after the prescriptive period expired and does not relate back to the original petition. Plaintiffs oppose

---

[8] *Id.* at ¶ 24. Excluded from the class definition were "the Judge to whom this case is assigned, his or her staff and immediate family, Marathon employees, and any persons with currently pending actions that would otherwise fit within the class definition." *Id.*
[9] R. Doc. 39 at ¶ 68. The new class definition includes the same exclusion as the original. Additionally, the amended definition includes a sub-class which has the same definition as the original class definition.
[10] *Id.* at ¶ 55.
[11] *Id.* at ¶¶ 53-55.
[12] *Id.* at ¶ 54.
[13] *Id.* at ¶¶ 59-65.

defendant's motion, arguing that the prescriptive period was suspended until reporting in September 2024 revealed additional information about the fire, and, alternatively, that the amended pleading relates back to the original petition. Plaintiffs additionally argue that a balancing of the equities favors them over Defendant.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[14] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[16] The court need not, however, accept as true legal conclusions couched as factual allegations.[17] To be legally sufficient, a complaint must establish more than a "sheer possibility" the plaintiff's claims are true.[18] If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim.[19] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[20]

## III. LAW AND ANALYSIS

At the time of the Garyville Refinery fire, Louisiana law provided a one-year liberative prescription period for delictual actions.[21] Prescription runs from the day the injury or damage is

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).
[15] *Id.*
[16] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).
[17] *Iqbal*, 556 U.S. at 678.
[18] *Id.*
[19] *Lormand*, 565 F.3d at 255-57.
[20] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[21] La. Civ. Code art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). La. Civ. Code art. 3493.1, which provides the new, two-year liberative prescription period for delictual actions, "shall be given prospective application

3

sustained.[22] The burden of proof is typically on the party pleading prescription; however, "if on the face of the petition it appears that prescription has run, . . . the burden shifts to the plaintiff[s] to prove a suspension or interruption of the prescriptive period."[23] Here, the fire began on August 25, 2023, the original complaint was filed on August 29, 2023, and Plaintiffs' motion for leave to file the amended complaint was filed on November, 5, 2024. Plaintiffs' amendment is thus prescribed unless the claims "relate back" to the original claims such that they can be treated as if brought with the original petition,[24] or an exception to prescription applies.[25] The Court addresses each in turn.

### A.     Relation Back under Rule 15(c)

Federal Rule of Civil Procedure 15(c) allows a newly added claim to be effectively treated as though it had been present when the original pleading was filed when certain conditions are met.[26] When a party seeks to change a party to an existing lawsuit, the amended complaint will relate back if (1) it arose from the same transaction or occurrence as the original pleading, (2) the party to be brought in by amendment "received such notice of the action that it will not be prejudiced in defending on the merits" and (3) the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."[27] As written, Rule 15(c) only applies to amendments adding defendants to an action. Nonetheless, the Advisory Committee Notes for the 1966 Amendment provide that the "attitude

---

only, and shall apply to delictual actions arising after [July 1, 2024]." *See* 2024 La. Acts No. 423 § 3. State substantive law, which includes prescriptive statutes and their exceptions, *see Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 111-12 (1945)), applies here, *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).
[22] *Id.*; *see also Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 527 (5th Cir. 1995).
[23] *Younger v. Marshall Indus. Inc.*, 618 So. 2d 866, 869 (La. 1993).
[24] *See* Fed. R. Civ. P. 15(c).
[25] *See Younger*, 618 So. 2d at 869.
[26] *See* Fed. R. Civ. P. 15(c).
[27] Fed. R. Civ. P. 15(c)(1)(B)-(C); *see also Skocylas v. Federal Bureau of Prisons*, 961 F.2d 543, 545 (5th Cir. 1992).

taken in revised Rule 15(c) towards change of defendants extends by analogy to amendments changing plaintiffs."[28] And the Fifth Circuit has "consistently applied Rule 15(c) criteria to amendments changing plaintiffs."[29]

The purpose of relation back is "to balance the interest of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits."[30] Notice is the linchpin in Rule 15(c) determinations.[31]

Here, the first requirement is easily satisfied. The claims of the originally defined class and the expanded class at issue arise from the same refinery fire. Accordingly, the Court finds that the amendment satisfies the common factual requirement of Rule 15(c). At issue is whether defendant had adequate notice so as not to be prejudiced and whether *but for a mistake of identity* the party would have been named in the original pleading. The Court finds that the original petition did not provide the necessary notice for this amendment to relate back, and Plaintiffs cannot prevail on their theory of mistaken identity.

Plaintiffs' original complaint did not provide Defendant notice that they intended to seek damages beyond the two-mile evacuation zone. As the Second Circuit has noted, a rationale of *American Pipe*,[32] a seminal case on class action tolling, is "that commencement of the class action adequately notifies the defendants 'not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.'"[33] When the statute of limitations ran on Plaintiffs' alleged claims, Defendant "had

---

[28] Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment.
[29] *SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 245 (5th Cir. 1999).
[30] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010).
[31] *Flores v. Cameron Cnty. Tex.*, 92 F.3d 258, 273 (5th Cir. 1996) (citing *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)).
[32] *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974).
[33] *Arneil v. Ramsey*, 550 F.2d 774, 782-83 (2d Cir. 1977) (quoting *American Pipe*, 414 U.S. at 554-55).

been placed on notice of only its obligation to defend itself against claims"[34] involving "persons who owned property, and/or operated a business, and/or worked or resided within the two-mile Mandatory Evacuation Zone and who have been harmed by Marathon's conduct."[35] Plaintiffs' original complaint did not provide Defendant with adequate notice of a larger geographic scope.[36] To allow Plaintiffs to broaden the class definition at this juncture would unfairly prejudice Defendant.

Plaintiffs attempt to escape this conclusion by arguing that Defendant received fair notice in the original complaint and that they were mistaken as to the class of people impacted by the fire. For support, Plaintiffs point to the Fifth Circuit decision of *Williams v. United States*.[37] In *Williams*, a mother originally sued as the next friend of her minor son who was injured by an Army explosive device.[38] After the statute of limitations expired, the mother sought to amend the complaint to assert a claim in her own right for the loss of her son's services.[39] The district court refused to allow the amendment.[40] On appeal, the Fifth Circuit found the amendment related back. In holding that the government had fair notice of her claim, the Fifth Circuit concluded that the complaint "revealed the existence of (a) a minor (b) the mother as parent and (c) the assertion by her of a claim."[41]

---

[34] *Cliff v. Payco General American Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004).
[35] Civil Action No. 23-6096, R. Doc. 1-1 at ¶ 24.
[36] *See Cliff*, 363 F.3d at 1132; *see also McCelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 730 (10th Cir. 2011) (finding second amended complaint did not relate back to earlier complaint because the new complaint "included a set of new and separate allegations implicating a wider set of facts, witnesses, and proofs"); *Arneil*, 550 F.2d at 782-83 (denying an attempt by investors to relate back claims to an earlier class action complaint in which they were not defined class members), *overruled on other grounds by, Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).
[37] 405 F.2d 234 (5th Cir. 1968).
[38] *See id.*
[39] *Id.* at 235-36.
[40] *Id.* at 235.
[41] *Id.* at 236-39.

*Williams* does not support a finding that Plaintiffs' amended complaint relates back to the original. The Fifth Circuit in *Williams* was clear that the critical element under Rule 15(c) is notice.[42] And the circumstances that allowed the Court to find there was sufficient notice in *Williams* are simply not present here. Unlike in *Williams*, where the original complaint revealed the existence of both the original and later added plaintiff, the original complaint in the present action provided no notice of the potential new class members Plaintiffs now seek to add. Critically, the mother in *Williams* was already known to the government.[43] The original complaint in this action, unlike in *Williams*, failed to provide Defendant with any notice of the potentially thousands of new class members the subsequent complaint seeks to add to this litigation. Accordingly, *Williams* provides no support for the conclusion that the notice inquiry is satisfied considering the original complaint in the present action.

Rather, this case is far more akin to *Cliff v. Payco General American Credits, Inc.*,[44] the Eleventh Circuit case upon which Defendant relies. In *Cliff*, the Eleventh Circuit held that an amended class complaint in which a plaintiff sought to expand the class did not relate back to the original complaint and was thus time-barred. The Eleventh Circuit found that the amendment did not relate back because plaintiff "failed to provide notice of the[] potential class members and because relation back would unfairly prejudice [defendant]."[45] As was the case in *Cliff*, the original complaint in this action only apprised Defendant of one class of plaintiffs and upon the running of the statute of limitations, Defendant was entitled to rely upon the definition in the original complaint.

---

[42] *Id.* at 236.
[43] *Id.* at 236-39.
[44] 363 F.3d 1113 (11th Cir. 2004).
[45] *Id.* at 1132.

7

Plaintiffs attempt to distinguish *Cliff* in two main ways, neither of which is convincing. First, Plaintiffs argue that unlike in *Cliff*, where the court concluded that "[n]othing prevented [plaintiff] from seeking to represent [the expanded class] from the moment he initiated this lawsuit,"[46] Plaintiffs here were prevented from seeking to represent the expanded class because the scope of impact was unknown to Plaintiffs until later reporting. Second, Plaintiffs argue that *Cliff* is distinguishable because the scale of amendment in *Cliff* was far greater than it is here.

Addressing the latter first, that the expansion in geographic scope is smaller than it was in *Cliff* is uncompelling. Plaintiffs' amended class definition remains an expansion in the "number and generic identities of potential plaintiffs."[47] Here, the statute of limitations ran, and Defendant was apprised of one general number and set of identities of the potential class. Defendant was not put on notice that it might need to defend against an expanded class involving a larger group of persons from a different geographic area than set forth in the original complaint. Moreover, Plaintiffs' point to no authority that scale of amendment is key to the inquiry. Although scale may impact prejudice to defendant, it is not the deciding factor in whether there was notice sufficient to avoid prejudice.[48] Even so, Plaintiffs here are not seeking a slight change; they are attempting to vastly expand the number of potential plaintiffs by expanding the geographic limits of the class definition. To allow Plaintiffs to do this now, after the expiration of the statute of limitations, would prejudice Defendant.

Moving to the former, Plaintiffs argue *they* were "mistaken" concerning the identity of the proper parties. However, because the Court has already determined that *Defendant* did not have sufficient notice of the amended class definition, Plaintiffs cannot prevail on the basis that there

---

[46] *Id.*
[47] *American Pipe*, 414 U.S. at 555.
[48] *Cf. Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005) (Easterbrook, J.) (explaining that "significance is not the measure of a new claim").

8

was a case of "mistaken" identity of the parties.  As this Court has explained above, notice to the *Defendant* is key and without it, the Court cannot find that the amended class definition relates back to the original complaint.

As the Court has found that Plaintiffs' original complaint did not provide notice of the expanded class definition, Plaintiffs' amended class definition does not relate back.

### B. Contra Non Valentem

"The rules of prescription are designed to prevent old and stale claims from being prosecuted."[49]  The doctrine of *contra non valentem*, which acts to suspend the running of prescription in limited circumstances, has long been recognized in Louisiana.[50]  The Louisiana Supreme Court has endorsed four situations in which *contra non valentem* can be applied to prevent the running of prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; [and]
> (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[51]

Plaintiffs argue that the third and fourth categories are applicable here.  The Court will address each in turn.

The third category of *contra non valentem* "applies when the defendant engages in conduct which prevents the plaintiff from availing himself of his judicial remedies."[52]  This category is implicated only when: "(1) the defendant engages in conduct which rises to the level of

---

[49] *Wells v. Zadeck*, 89 So. 3d 1145, 1149 (La. 2012).
[50] *Id.* at 1150 (citing Frank L. Maraist & Thomas C. Galligan, Louisiana Tort Law § 10-4(b), 222 (1996)).
[51] *Whitnell v. Menville*, 540 So. 2d 304, 308 (La. 1989) (internal citations omitted).
[52] *Id.* (internal citations omitted).

9

concealment, misrepresentation, fraud or ill practice; (2) the defendant's actions effectually prevented the plaintiff from pursuing a cause of action; and (3) the plaintiff [was] reasonable in his or her inaction."[53]

To successfully plead the first required element, plaintiffs must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).[54] Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. … Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[55] Although scienter may be alleged generally, "simple allegations that defendants possess fraudulent intent" are insufficient.[56] Instead, "plaintiffs must set forth specific facts supporting an inference of fraud."[57]

Pretermitting discussion of the first two elements, Plaintiffs cannot make a showing as to the final element: that "the plaintiff [was] reasonable in his or her inaction."[58] Assessment of the plaintiff's action or inaction is necessarily individualized. Here, Plaintiffs are asking the Court to find that an entire class of people's inaction was reasonable. This the Court cannot do. The inaction of some individuals in the expanded class definition may well be reasonable. And yet the inaction of others may not. The Court has no way of making such a determination without specific facts as to each individual Plaintiffs seek to add. Accordingly, the third category of *contra non valentem* does not toll the statute of limitations here.

The fourth category of *contra non valentem* "applies when the cause of action is not known or reasonably knowable by the plaintiff, though the plaintiff's ignorance is not induced by the

---

[53] *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234, 252 (La. 2010) (internal citations omitted).
[54] *See, e.g.*, *Hayes v. United States*, No. 17-3841, 2018 WL 705876, at *4 (E.D. La. Feb. 5, 2018).
[55] Fed. R. Civ. P. 9(b).
[56] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (quoting *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994)).
[57] *Id.* (quoting *Melder*, 27 F.3d at 1102).
[58] *Marin*, 48 So. 3d at 252.

defendant."[59]  This exception, sometimes known as the "discovery rule," is available only in "exceptional circumstances."[60]  Courts assessing the applicability of this exception must focus on the reasonableness of the tort victim's action or inaction.[61]

Plaintiffs' arguments under this category fail for the same reason they fail as to the third category.  Here, Plaintiffs are seeking to expand the class definition, not add specific new individuals.  As stated above, the Court is unable to assess the reasonableness of each unnamed purported class member's action or inaction.[62]  Because of this, the Court finds it inappropriate to apply the "discovery rule" on a class-wide basis.[63]  Accordingly, the fourth category of *contra non valentem* does not apply to toll the prescription period here.

### C.  Balance of Equities

Plaintiffs conclude their opposition with an appeal to equity.  This plea does not change the Court's findings that prescription was not tolled, and the amended complaint does not relate back to the original.  Moreover, in determining that the complaint does not relate back, the Court has found that Defendant would be prejudiced by the expansion of the class at this juncture.  The cases Plaintiffs rely on for support do not change these ultimate findings.  *Ms. L. v. U.S. Immigrations and Customs Enforcement*,[64] a district court decision that allowed the modification of a class post-certification, did not discuss Rule 15(c) or relation back.  Nor did *Agne v. Papa John's Intern., Inc.*[65] or *CE Design v. Beaty Const., Inc.*[66] Considering the equities of the present

---

[59] *Whitnell*, 540 So. 2d at 307.
[60] *Meggs v. Davis Mortuary Serv., Inc.*, 301 So. 3d 1208, 1213 (La. App. 5 Cir. 2020) (quoting *Renfroe v. State ex rel. Dept. of Transp. & Dev.*, 809 So. 2d 947, 953 (La. 2002)).
[61] *See Griffin v. Kinberger*, 507 So. 2d 821, 824 n.2 (La. 1987).
[62] *See id.*
[63] *See Perez v. First American Title Ins. Co.*, No. 08-1184, 2010 WL 1507012, at *3-4 (D. Az. Apr. 14, 2010) (finding that Arizona's discovery rule, under which a claim "does not accrue until the plaintiff knows, or in the exercise of reasonable diligence, should know the facts underlying the cause" cannot be decided on a class-wide basis).
[64] 330 F.R.D. 284 (S.D. Cal. 2019).
[65] 286 F.R.D. 559 (W.D. Wa. 2012).
[66] 2009 WL 192481 (N.D. Ill. Jan. 26, 2009).

situation, along with all the Court has set forth in Sections III(A) and III(B) above, if this Court were to yield to Plaintiffs' appeal to fairness, this yielding would prevent the Court from doing what it must do in this and all cases—to *actually* be fair to all. Under the facts of this particular case, it would be unfair to allow Plaintiffs to escape the rules of prescription and vastly expand the nature and scope of this action when, at the time the original complaint was filed and when prescription ran, Defendant had not received notice that the proposed class in this action would be a substantially different class than the one Plaintiffs originally provided.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (R. Doc. 43) is **GRANTED**.

New Orleans, Louisiana, this 23rd day of February 2026.

                                        **DARREL JAMES PAPILLION**
                                        **UNITED STATES DISTRICT JUDGE**